# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Eduardo Diaz Cardona, *et al.*,  )
                                   )
    Plaintiffs,  )
                                   )
v.                                 )    C.A. No.: N15C-09-210 SKR
                                   )
Hitachi Koki Co., Ltd., *et al.*,  )
                                   )
    Defendants.  )

## ORDER DENYING APPLICATION
## FOR CERTIFICATION OF INTERLOCUTORY APPEAL

This 25th day of February, 2019, upon consideration of Defendant Hitachi Koki Co., Ltd.'s[1] ("HKK") Application[2] for Certification of Interlocutory Appeal (the "Application") under Supreme Court Rule 42 ("Rule 42"), Plaintiffs' Opposition thereto[3], and the record in this case, it appears to the Court that:

1. This action arises out of an injury suffered by Plaintiff Eduardo Diaz Cardona while using a nail gun manufactured by HKK. Mr. Cardona, and his wife Wendy Cardona (collectively, "Plaintiffs"), filed this action against, among other defendants, HKK on September 24, 2015.[4] HKK moved to dismiss the action for

---

[1] Defendant Hitachi Koki Co., Ltd.'s name has now been changed to "Koki Holdings Co., Ltd."
[2] HKK's Application for Certification of Interlocutory Appeal (Trans. ID. 62970724).
[3] Plaintiffs' Opposition to HKK's Application for Certification of Interlocutory Appeal (Trans. ID. 62984306).
[4] Complaint (Trans. ID. 57917647).

lack of personal jurisdiction.[5]  On February 5, 2019, the Court issued an opinion denying HKK's motion, finding that the Court has jurisdiction over HKK.[6]  HKK now seeks to certify an interlocutory appeal of the Court's February 5, 2019 decision.

2.  "Interlocutory appeals should be exceptional, not routine."[7]  The Court may certify an interlocutory appeal under Rule 42 only when the order to be certified decides "a substantial issue of material importance."[8]  In determining whether to certify an interlocutory appeal, the Court considers whether:

(A) The interlocutory order involves a question of law resolved for the first time in this State;

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

---

[5] HKK's Motion to Dismiss (Trans. ID. 58494979); HKK's Renewed Motion to Dismiss (Trans. ID. 60839030).
[6] February 5, 2019 Opinion ("Op.") (Trans. ID. 62933138).
[7] Del. Supr. Ct. R. 42(b)(ii).
[8] Del. Supr. Ct. R. 42(b)(i).

2

(F) The interlocutory order has vacated or opened a judgment of the trial court;

(G) Review of the interlocutory order may terminate the litigation; or

(H) Review of the interlocutory order may serve considerations of justice.[9]

The Court will also consider "its own assessment of the most efficient and just schedule to resolve the case," and identify "whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice."[10]

3. HKK maintains that this Application meets the criteria set forth in Rules 42(b)(i) and 42(b)(iii)(C) and (D). The Court agrees that the February 5, 2019 decision sustained controverted jurisdiction. Although the decision was made based on existing Delaware precedents, the Court acknowledged that the "dual jurisdiction" doctrine,[11] which was established from the Delaware long-arm statute, 10 *Del. C.* §3104(c)(1) and (4), is not without criticism.[12] Hence, the interlocutory order arguably involves a question of law relating to the "constitutionality, construction, or application" of a statute. However, the issue of personal jurisdiction

---

[9] Del. Supr. Ct. R. 42(b)(iii).

[10] *Id.* Those "probable costs" include considerations that interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii).

[11] The Court applied the "dual jurisdiction" doctrine in determining the first prong of the jurisdictional analysis, i.e., whether exercising jurisdiction over HKK is appropriate under the Delaware long-arm statute. *See* Op. at 6–11.

[12] *See id.* at 9 n.32.

on which HKK now seeks to appeal is not "a substantial issue of material importance" as that phrase has been construed.

4. It is well-established that, to meet the "substantial issue of material importance" prong under Rule 42, the question decided must go to the merits of the case, and not to collateral matters.[13] HKK, in its Application, simply asserts that "[p]ersonal jurisdiction is a substantial issue of material importance" without any legal support. The Court finds that the exercise of personal jurisdiction over HKK does not affect the merits of Plaintiffs' personal injury claims against HKK.[14] And Delaware courts have repeatedly held that a denial of a motion to dismiss for lack of personal jurisdiction does not determine a substantial issue.[15] Hence, HKK does not meet the required "substantial issue" prong of the Rule 42 analysis.

5. The Court also does not believe that certification of this interlocutory appeal would promote the "most efficient and just schedule to resolve the case." Surely the interlocutory appeal, if granted and the Court's decision overturned, would terminate the litigation against HKK, but there are still other defendants remaining in this action, which has been pending for over three years and will

---

[13] *Almah LLC v. Lexington Ins. Co.*, 2016 WL 3521880, at *2 (Del. Super. June 20, 2016) (internal citations omitted).

[14] *In re Asbestos Litig.*, 2015 WL 5692811, at *3 (Del. Super. Sept. 24, 2015) (internal citation omitted) (finding that exercising personal jurisdiction does not affect the merits of the plaintiff's personal injury asbestos claims).

[15] *Tortuga Cas. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 604 A.2d 419 (Table), 1991 WL 247813, at *2 (Del. Nov. 14, 1991); *In re Asbestos Litig.*, at *3 (citing *TowerHill Wealth Management, LLC v. Bander Family P'ship*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008)).

4

continue to linger on the Court's docket. The limited benefits of the interlocutory appeal do not outweigh its probable costs.

For the foregoing reasons, the Court finds that HKK has failed to meet the strict standards for certification under Rule 42, and its Application for Certification of Interlocutory Appeal from the Court's February 5, 2019 Opinion is **DENIED**.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge